# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | Middle East Broadcasting Networks, Inc.v. MBI Global, LLC |
|---|---|
| **Originating No. & Caption** | 1:14-cv-01207-GBL-IDD |
| **Originating Court/Agency** | E.D.Va. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | December 1, 2015 | |
| Date notice of appeal or petition for review filed | December 30, 2015 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ⦿ Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See attached. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| I. Did the trial court err in finding that the contract between MBI and MEBN was primarily for services, and thus the the Virginia Uniform Commercial Code does not provide the proper formula for damages?<br><br>II. Did the trial court err by failing to rule on MBI's motion in limine to exclude evidence of MEBN's damages allegedly incurred in 2015, when MEBN failed to produce any documents or correspondence relating to its new contractor's delays in constructing the substitute building, despite MBI's discovery request for such documents and MEBN's ongoing duty to supplement production as new information becomes available?<br><br>III. Did the trial court err in finding MBI liable for damages from approximately December 15, 2014 through October 31, 2015, when MBI's breach was no longer the proximate cause of MEBN's damages?<br><br>IV. Did the trial court err in excluding communications between the parties after July 3, 2014, when MBI sought to admit the communications only for the limited purpose of showing MBI's reliance on MEBN's representations? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Middle East Broadcasting Networks, Inc. | Adverse Party: |
| Attorney: Peter Grenier<br>Address: Grenier Law Group PLLC<br>　　　　　1400 L Street NW<br>　　　　　Suite 420<br>　　　　　Washington, DC 20005-3509 | Attorney:<br>Address: |
| E-mail: pgrenier@grenierlawgroup.com | E-mail: |
| Phone: (202) 768-9600 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: MBI Global, LLC | Name: |
| Attorney: Michael E. Tucci<br>Address: Stinson Leonard Street LLP<br>1775 Pennsylvania Avenue NW<br>Suite 800<br>Washington, DC 20006 | Attorney:<br>Address: |
| E-mail: michael.tucci@stinson.com | E-mail: |
| Phone: (202) 728-3010 | Phone: |

| Appellant (continued) | |
|---|---|
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

Signature: _____   Date: 1/18/2016

Counsel for: MBI Global, LLC

**Certificate of Service:** I certify that on __January 19, 2016__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Peter C. Grenier<br>Grenier Law Group PLLC<br>1400 L Street NW<br>Suite 420<br>Washington, DC 20005-3509 | |

Signature: _____   Date: 1/19/2016

## I. Nature of the Case

This case involves Appellant MBI Global, LLC's ("MBI") manufacture, shipment, and delivery of a Blast Resistant Building ("BRB") to Baghdad, Iraq pursuant to a contract agreement with Appellee Middle East Broadcasting Networks, Inc. ("MEBN"). For a variety of reasons, delivery of the BRB was delayed, and the parties agreed to several extensions of the delivery schedule. In September 2014, MEBN filed suit against MBI for breach of contract, yet continued to solicit information regarding the status of the BRB and inquire as to its whereabouts and when it might be delivered. Relying on MEBN's representations that it still desired the BRB and would accept the same upon delivery, MBI completed shipment to Baghdad, where MEBN then refused acceptance. MBI maintained throughout the case that it relied on MEBN's representations, and thus MEBN breached the contract by refusing to accept the BRB. MEBN moved *in limine* to exclude all communications between MBI and MEBN following the parties' extension of the delivery date on July 3, 2014, on the basis that these constituted settlement discussions. Judge Lee granted the motion, excluded the communications, and granted MEBN's motion for summary judgment as to liability on its breach of contract claim. A trial for damages was scheduled for August 2015. Days before trial, MEBN moved to amend its complaint to include additional damages. MBI moved *in limine* to exclude all damages allegedly incurred in 2015, as MEBN had produced no documents in discovery relating to reasons for delay in the construction of its substitute building. Judge Lee never ruled on MBI's motion *in limine* and a trial was held on November 30, 2015 to decide the sole issue of damages. Judge Lee found that the contract was for services, and thus the Uniform Commercial Code did not provide the relevant formula for damages. Judge Lee also decided that MEBN's alleged damages were direct, not consequential, and awarded MEBN the full amount of damages sought, up through October 2015.

II. **Preliminary Statement of Issues (cont.)**

V. Did the trial court err in its finding that MEBN's damages for rent of studio space were direct damages?

VI. Did the trial court err in excluding as settlement communications testimony at trial discussing extensions to the BRB's delivery schedule, when it was to be used only to show the intent of the parties with regard to consequential damages?

VII. Did the trial court err in finding that MEBN acted reasonably in mitigating its damages, despite the fact that MBI delivered the BRB to Baghdad in November 2014, and MEBN could have readily terminated its substitute contractor for convenience, and greatly reduced its damages by accepting the BRB.

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style  Middle East Broadcasting Networks, Inc. v. MBI Global, LLC
Dist. Ct. No.  1:14-cv-01207-CBL-IDD     District  Eastern District of Virginia (Alexandria Division)
Date Notice of Appeal filed   12/30/15     Court of Appeals No. 16-1004
Name of Court Reporter/Electronic Rec. (use separate form for each reporter) Renecia A. Wilson
Address of Reporter Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314

Appellant must order any necessary transcript, completing a separate transcript order form (and separate CJA 24 Form) for each reporter and submitting the order to the court reporter and the district court within 14 days of noting the appeal. The completed form must show that necessary financial arrangements have been made or that the original CJA 24 Form has been submitted to the district court clerk. In districts using CJA eVoucher, counsel must submit the CJA 24 in paper form **and** submit an "Auth-24" request through the district court's eVoucher system. Copies of the transcript order form must be attached to the docketing statement filed in the Court of Appeals and served on opposing counsel within 14 days of docketing of the appeal, or the appeal will be subject to dismissal pursuant to Local Rule 45. In sentencing appeals, a transcript of the sentencing hearing must be ordered. In Anders appeals, plea (or trial) and sentencing transcript must be ordered, along with any essential hearing transcripts. In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page.

If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so.

Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should obtain full-size transcript from the court reporter, since condensed transcript may not be used in the appendix. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Specific CJA authorization is required for opening and closing statements, voir dire, and instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☐ Opening Statement (Plaintiff) | |
| ☐ Opening Statement (Defendant) | |
| ☐ Closing Argument (Plaintiff) | |
| ☐ Closing Argument (Defendant) | |
| ☑ Opinion of Court | |
| ☐ Jury Instructions | |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☐ Pre-Trial Proceedings (specify) | |
| ☑ Testimony (specify) | 11/30/2015   Testimony of Ann Noble and Fred Gossen Jr. |
| ☐ Other (specify) | |
| **TOTAL ESTIMATED PAGES**   210 | |

B. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made.
   ☑ Private funds. (Deposit of $ 766.50 enclosed with court reporter's copy. Check No.   3670  .)
   ☐ CJA (district court not on eVoucher). Original CJA 24 Form submitted to district court and a copy is attached.
   ☐ CJA (district court on eVoucher). CJA 24 to district court (copy attached) **AND** Auth-24 submitted to district court via eVoucher.
   ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
   ☐ Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 Form necessary.
   ☐ United States appeal - copy of litigation expense form attached, if applicable.

C. Transcript is requested in  ☐ paper format   ☑ electronic format

Signature  _[signed]_
Typed Name Michael E. Tucci
Address  1775 Pennsylvania Avenue, Suite 800
Email  michael.tucci@stinson.com    Telephone No. (202) 728-3010
Date Sent to Reporter 01/19/16

12/21/2015 CAD